UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**AMERICAN PROPERTY**
**INSURANCE COMPANY,**

   Plaintiff,

v.                                    **No. 4:22-cv-325-P**

**NNF, INC.,**

   Defendant.

## ORDER

Before the Court is Defendant's Second Motion to Quash (ECF No. 87). Having considered the filings, the Court hereby **REFERS** the Motion and related filings to the same to United States Magistrate Judge Hal R. Ray, Jr. *See* 28 U.S.C. § 636(b). All papers filed hereafter referring to the Motion shall include the following notation under the case-number: "(Relates to the Second Motion to Quash Referred to Magistrate Judge Ray)".

That said, the Court is deeply disturbed by the substance and number of discovery motions filed in this case. Such conduct appears to conflict with the Court's scheduling order, which requires Counsel to "abide by the standards of litigation conduct for attorneys appearing in civil actions in the Northern District of Texas, as outlined in *Dondi Properties Corp. v. Commerce Savings & Loan*, 121 F.R.D. 284 (N.D. Tex. 1988) (en banc)." ECF No. 28. Specifically, *Dondi* requires that "[a] lawyer should not use any form of discovery, or the scheduling of discovery, as a means of harassing opposing counsel or counsel's client." *Id.* at 288. But "the spirit of *Dondi* is completely absent from this latest round of discovery motions." *See Ramirez v. Abreo*, No. 5:09-CV-189-C, 2010 WL 11565387, at *1 (N.D. Tex. Sept. 16, 2010).

The Court thus **ORDERS** that all Counsel of record for all Parties shall each read: (1) *Dondi Properties Corp. v. Commerce Savings & Loan Assoc.*, 121 F.R.D. 284 (N.D. Tex. 1988); (2) the Texas Lawyer's Creed;

and (3) the Texas Rules of Professional Conduct. It is further **ORDERED** that all Counsel of record for all Parties shall each certify to the Court via a sworn affidavit filed by **5:00 p.m.** on **January 30, 2023**, that they have read, understand, and will comply with these three documents throughout the remainder of this litigation.

Failure to comply with this Order shall result in monetary sanctions being imposed against individual Counsel, the Parties, or both. The Court, however, is "confident that, with a renewed sense of the professional courtesy expected by the Court, counsel 'should have little difficulty conducting themselves as members of a learned profession whose unswerving duty is to the public they serve and to the system of justice in which they practice.'" *See Ramirez*, 2010 WL 11565387, at *1 (quoting *Dondi Properties Corp.*, 121 F.R.D. at 288).

**SO ORDERED** on this **26th day** of **January 2023.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE

2